SHERMAN MAGGARD et al. v. STATE.

No. A-6285. Opinion Filed Nov. 12, 1927.
(260 Pac. 1118.)

Thos. Hudgens, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. On information charging that in Washita county, on or about the 17th day of October, 1925, the defendants, Sherman Maggard and Russell Fish, did "have in their possession and control certain intoxicating liquors, to wit, one-half gallon of wine,

with the unlawful intent" to violate the prohibition laws, the defendants were convicted and their punishment fixed each at a fine of $50 and imprisonment in the county jail for 6 months. To reverse the judgments they appeal.

There are numerous assignments of error, only one of which need be noticed; that is, that the evidence does not support the verdict.

The substance of the state's evidence was to the effect that three deputy sheriffs, in executing a search warrant, visited the home of the defendant Russell Fish, about 3 miles southeast of Colony, and searched his residence, finding a fruit jar containing wine in the kitchen cupboard or safe; that they saw Mrs. Russell Fish pour about a pint of what they believed to be wine in a dish pan of dish water; that there was a cider press in the yard and two open head barrels, and it appeared that grapes had been recently pressed in the cider press; that they found defendant Maggard at the place and had been informed and supposed that he lived there.

The substance of the evidence for the defense was as follows: That the defendant Fish had the one-half gallon of wine for the use of his wife, who was pregnant and had been advised by the family physician that wine "would do her good"; that the wine had been purchased that day before the officers arrived; that the cider press had been used to press the juice out of grapes by the defendant Fish and his neighbors; that the defendant Maggard did not live at the home of the defendant Fish; that he merely happened to be there on business at the time of the search and had no interest in the wine; that neither of the defendants had any wine for sale and had never offered any for sale.

In cases of this kind the specific intent to violate the prohibitory law being the gist of the offense, it follows that, before a conviction can be sustained, the state must allege and prove beyond a reasonable doubt, not only that the defendant had possession of intoxicating liquor, but also the unlawful intent to violate provisions of the liquor laws.

Upon a careful consideration of the record we are of opinion that it would be destroying the presumption which arises in favor of the innocence of the accused and permitting the subversion of the rule which requires the establishment of guilt beyond a reasonable doubt to allow this conviction to stand.

This conclusion renders it unnecessary to consider the other questions in the case.

Because the evidence is insufficient to support the verdict, the judgment of the lower court is reversed.

EDWARDS and DAVENPORT, JJ., concur.