## JACK HUNTER v. STATE.

No. A-6917.   Opinion Filed September 28, 1929.
(280 Pac. 1113.)

J. Q. A. Harrod and Laynie W. Harrod, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of having possession of intoxicating liquor with the intent to barter, sell, give away, and otherwise furnish the same contrary to the law, and was sentenced by the court to pay a fine of $50 and costs and to be imprisoned in the county jail of Canadian county for a period of 30 days. The record was perfected, and the case appealed to this court.

C. A. Pierce and Bill Hutchins testified on behalf of the state that they went to defendant's home with a search

warrant; they were officers; about the time Mr. Pierce got to the door he heard a noise like something coming out through the window; the officers went in the house and searched all the rooms in the house, all the closets, and other places around the house, and found no intoxicating liquor; when they went in the house they found the defendant sitting at a table writing; after they searched the house they went around to the side of the house and claim they found there on the ground pieces of a half-gallon fruit jar which had contained whisky; they claim they tasted it and it tasted like whisky. The quantity is not given, being estimated all the way from two or three tablespoons to probably a half pint. The witnesses for the state claim there was a little puddle on the ground; that the defendant stepped in it and mashed it into the ground.

This is, in substance, the testimony of the state. At the close of the state's testimony, the defendant demurred to the evidence for the reason the same was insufficient to show that the defendant had committed any crime whatsoever against the laws of this state, which demurrer was overruled, and defendant excepted. The defendant moved the court to instruct the jury to return a verdict of not guilty, which motion was overruled, and defendant excepted.

The defendant contends the court erred in overruling the demurrer to the evidence, and in overruling the defendant's motion to direct the jury to return a verdict of not guilty, and in overruling the defendant's motion for a new trial.

An examination of the records in this case shows that the testimony of the state is wholly insufficient to sustain the judgment for possession of intoxicating liquors

with intent to sell, barter, give away, and otherwise furnish the same in violation of law. There was not a sufficient quantity of whisky found to make it prima facie evidence that the defendant intended to barter, sell, give away, or otherwise furnish to others; in fact the testimony is insufficient to show that the defendant had any quantity of whisky in his possession.

The information in this case charges possession of a certain quantity of intoxicating liquor, to wit, corn whisky, with the intent of the said Hunter to sell, barter, give away, and otherwise furnish the same to others contrary to law. In cases of this kind, the specific intent to violate the prohibitory liquor laws being the gist of the offense, it follows that, before a conviction can be sustained, the state must allege and prove beyond a reasonable doubt, not only that the defendant had possession of intoxicating liquor, but also the unlawful intent to violate the provisions of the liquor laws. Maggard et al. v. State, 38 Okla. Cr. 320, 260 Pac. 1118.

Because the evidence is insufficient, the case is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.